UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JARTANIEL DEVON WOODS, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-444-HAB-ALT |
| RENT-A-CENTER INC-764, | |
| Defendant. | |

## **OPINION AND ORDER**

Pro se Plaintiff Jartaniel Woods is suing his employer Rent-A-Center Inc-764 for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (ECF No. 1). Along with his Complaint, Woods filed a request to proceed in forma pauperis. (ECF No. 2).

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f)(1)[1]. Though this is not a Bankruptcy case, the judicial discretion afforded by 28

---

[1] *See also* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2025).

U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902.

Here, Plaintiff states he is unmarried with three dependent children as well as an adult girlfriend whom he financially supports. Although he is employed, he reports substantially limited liquid assets and a monthly income that falls below the threshold. Plaintiff has demonstrated that he is unable to pay the filing fee.

The Court has also reviewed Plaintiff's Complaint. In his Complaint, while Plaintiff represents that he filed a timely charge of discrimination with the EEOC and obtained a Notice of Right to Sue, the dates on his complaint are mismatched, with his Right to Sue letter arriving before he filed his charge of discrimination. (ECF No. 1 at 1). Additionally, although Plaintiff appears to have filed an EEOC Charge, the Charge was not attached to the Complaint. It is true that a court may take judicial notice of an EEOC charge. *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 n.2 (N.D. Ill. 2010). At the same time, however, a court may only take judicial notice of a fact that is not subject to reasonable dispute. Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018). Thus, while the fact that Plaintiff filed an EEOC charge is one of which this Court may take judicial notice, it is not the case that the allegations in the EEOC Charge are not subject to reasonable dispute. Indeed, Plaintiff's EEOC charge sets forth his own allegations of misconduct just like his complaint in this action should. *See Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (noting that to bring a Title VII claim, a

plaintiff must first "file a charge with the EEOC detailing the alleged discriminatory conduct"). As it stands, the Court is unable to discern from the scant details provided in the Complaint whether Plaintiff has suffered an adverse employment action necessary to proceed on an employment discrimination claim. *See Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012) (noting that a colorable Title VII employment discrimination claim requires "that the employee ha[s] been subjected to an adverse employment action," meaning an action that "materially alter[s] the terms or conditions of employment to be actionable under the antidiscrimination provision of Title VII"). Accordingly, the Court will permit Plaintiff to file an amended complaint in which he attaches the EEOC Charge he filed in this case along with the Notice of Right to Sue letter.

For these reasons, the Court:

(1) TAKES UNDER ADVISEMENT Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2);

(2) GRANTS Plaintiff until September 28, 2025, to submit an Amended Complaint that attaches the EEOC Charge of Discrimination and Notice of Right to Sue letter issued to him. Failure of the Plaintiff to comply with this Order will result in dismissal.

SO ORDERED on August 28, 2025.

                                                s/Holly A. Brady
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT